UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
   MICHAEL SCHWARTZ,

                *Plaintiff*,

    -against-

   IMRAN QAZI and FRIENDLY RIDE INC.,

                *Defendants*.

-------------------------------------------------------------X

**MEMORANDUM AND ORDER**

24-cv-00911 (JMW)

**A P P E A R A N C E S:**

    Aneeba Rehman
    Nadia M. Pervez
    **Pervez & Rehman, P.C**.
    6268 Jericho Turnpike, Suite 8
    Commack, NY 11725
    *Attorneys for Plaintiff*

    Joseph A. Fazio
    **Joseph A. Fazio Law Offices**
    94 Willis Avenue, FL 2
    Mineola, NY 11501
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

On January 28, 2025, and April 1, 2025, the undersigned held a limited issue bench trial on the issue of whether Plaintiff was ever employed by Defendants for purposes of determining whether, if he was so employed, he is owed wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). (ECF Nos. 17-19.) Decision on the bench trial is *sub judice* before the undersigned. Now before the Court is Defendants' Motion for Sanctions (ECF No. 21), and Plaintiff's Opposition (ECF No. 22). For the reasons set forth below, Defendants' Motion for Sanctions (ECF No. 21) is **DENIED**.

1

**DISCUSSION**

Defendants request that the Court sanction Plaintiff and Counsel because (i) the Complaint "misstates that Plaintiff was employed by the Defendants" and (ii) the filing of this "frivolous" action was done with the "improper purpose of harassing" Defendants. (ECF No. 21 at 2, 4.) Plaintiff contends that *inter alia*, this action is not frivolous as evidenced by the limited discovery the parties engaged in, where Plaintiff provided almost 800 pages of discovery. (ECF No. 22 at 1.)

> Fed. R. Civ. P. 11 in relevant part states:
>
> By presenting to the court a pleading, written motion, or other paper ... an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversing of existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information or belief.

Fed. R. Civ. P. 11(b).

Procedure in these circumstances is of most importance. Indeed, Rule 11 requires notice and an opportunity to be heard by the party that has allegedly violated this rule. *See* Fed. R. Civ. P. 11(c) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.") That is also known as the safe-harbor rule. *See Star Mark*

*Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (internal citations omitted) ("The safe-harbor provision is a strict procedural requirement. An informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21–day safe harbor period.") Finally, if the alleged misconduct is corrected within 21 days of receiving a motion for sanctions, the motion should not be filed. *See* Fed. R. Civ. P. 11(c)(2). The Court finds Defendants followed proper procedure by providing Plaintiff with a safe harbor letter included with an attachment of this motion for sanctions (ECF No. 21 at 3), which is not disputed by Plaintiff. Next, the undersigned reviews if sanctions are warranted.

"The implementation of Rule 11 requires a careful balancing of two interests of the court: reprimanding egregious behavior and avoiding restraint of creative legal arguing." *Charles Equip. Energy Sys., LLC v. INNIO Waukesha Gas Engines, Inc.*, No. 22 CIV. 2716 (CM), 2023 WL 2346337, at *2 (S.D.N.Y. Mar. 3, 2023). The Second Circuit informs us that, "[a]n argument constitutes a frivolous legal position for the purposes of Rule 11 sanctions if, under the objective standard of reasonableness, it is clear ... that there is no chance of success and no reasonable argument to extend, modify, or reverse the law as it stands." *Id.* (quoting *Morley v. Ciba–Geigy Corp.*, 66 F.3d 21, 25 (2d. Cir. 1995)).

The decision whether to impose sanctions under Rule 11 rests firmly within the discretion of the trial court. *See Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004); *Guthrie v. Rainbow Fencing Inc.*, 349 F.R.D. 55, 72 (E.D.N.Y. 2025) (same). "Simply maintaining a claim that does not survive a motion to dismiss is not in and of itself frivolous. 'The appropriateness of sanctions is distinct from the underlying merits of a claim.' … FRCP 11 motions should not be used 'to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are

3

available for those purposes.'" *Bank v. CreditGuard of Am., Inc.*, No. 18-CV-1311 (PKC) (RLM), 2020 WL 1516107, at *3 (E.D.N.Y. Mar. 30, 2020) (internal citations omitted) (denying Rule 11 sanctions).

Defendants seek to be reimbursed pursuant to Fed. R. Civ. P. 11(c)(2) for the legal fees incurred thus far due to "this frivolous action." (ECF No. 21 at 4.) As Plaintiff points out, Defendants only sought this relief after the bench trial and spending over $50,000 but not in the early stages of this action. (ECF No. 22 at 2.) Defendants' claims of harassment is unsupported. Rather there are merely conclusory statements that this action was commenced with an "improper purpose of harassing" Defendants. (ECF No. 21 at 2.) *See Perez v. G & P Auto Wash Inc.*, 930 F. Supp. 2d 423, 438 (E.D.N.Y. 2013) (denying a motion for sanctions because defendants did not offer support "for their accusation that Reyes … commenced this action solely for the purpose of harassing defendants"). That is simply not enough.

Moreover, "[a] filing is frivolous if it is 'clear under existing precedent that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands.'" *Celestin v. Martelly*, No. 18-CV-7340 (LDH) (PK), 2024 WL 4355512, at *4 (E.D.N.Y. Sept. 30, 2024) (quoting *Pentagen Techs. Int'll Ltd. v. United States*, 172 F. Supp. 2d 464, 470 (S.D.N.Y. 2001)). Plaintiff at trial, produced ample testimony and exhibits to support his claims. (*See* ECF Nos. 17-19.) The merits and success of the bench trial are yet to be determined. However, it is clear this case was not brought in bad faith. Notably, "[t]he fact that a legal theory is a long-shot does not necessarily mean it is sanctionable." *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011). *Toyota Lease Tr. v. Vill. of Freeport*, No. 20-CV-2207 (DG)(SIL), 2024 WL 3949979, at *3 (E.D.N.Y. Aug. 27, 2024).

4

It therefore follows that Defendants' application for reimbursement of legal fees is not warranted. When determining if a violation has occurred under Rule 11, the "standard … is one of objective unreasonableness; courts need not make a finding of subjective bad faith." *Lee v. Grand Sichuan E. (N.Y.) Inc.*, No. 12-CV-08652 (SN), 2014 WL 199512, at *1 (S.D.N.Y. Jan. 17, 2014). Precisely, the Court on a motion for Rule 11 sanctions, does not analyze the merits of the case. *Bishop v. Cnty. of Suffolk*, No. CV 13-446 (JS) (AKT), 2019 WL 13422759, at *8 (E.D.N.Y. Aug. 31, 2019) (quoting *Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, No. CV 05-2755, 2007 WL 2021905, at *3 (E.D.N.Y. Mar. 16, 2007)). "Rather, in performing a Rule 11 analysis, the Court determines 'a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.'" *Id.* (quoting *Rates Tech.*, 2007 WL 2021905, at *3).

Defendants' letter motion is replete with allegations that Plaintiff misrepresented his employment without evidentiary support. (*See* ECF No. 21 at 2-3.) However, the testimony gleaned at trial suggest otherwise, namely, that there was at least a colorable basis for the claims asserted, whether Plaintiff prevails or not. (ECF No. 22 at 1-2.) The Court views this motion as a strategy to determine the underlying merits of the case. *See Esposito v. Suffolk Cnty. Cmty. Coll.*, No. 16-CV-04833 (ADS) (ARL), 2019 WL 1044099, at *6 (E.D.N.Y. Mar. 4, 2019) ("Essentially, the Defendants are asking the Court to award sanctions because they believe the merits of their defense. However, resolving the Defendants' arguments would require the Court to make a factual determination regarding a claim essential to the merits of the action, an issue for which a Rule 11 motion is an inappropriate vehicle.") The Court declines to take such an approach.

Courts have denied motions for sanctions in very similar circumstances—a party seeking a meritorious determination rather than what Rule 11 governs. *See Kumaran v. Northland Energy Trading, LLC*, 762 F. Supp. 3d 322, 337 (S.D.N.Y. 2025); *Kim v. Kini LLC Corp.*, No. 20-CV-6009 (LDH) (RER), 2022 WL 3219290, at *1 (E.D.N.Y. June 13, 2022), *report and recommendation adopted sub nom. Kim v. Kini LLC Corp,* No. 20-CV-6009 (LDH) (RER), 2022 WL 4596746 (E.D.N.Y. Sept. 30, 2022).

*Kim* is quite illustrative. In *Kim*, Plaintiffs commenced an action alleging violations of the FLSA, which Defendants argued was frivolous as Plaintiffs "were never employe[d]" by Defendants. *Id.* There, the Court noted that "the existence of such voluminous and contradictory records and affidavits shows that there are unresolved issues of fact. As I noted at the pre-motion conference on Defendants' initial motion for sanctions: litigation, rather than sanctions, is the appropriate vehicle for these factual disputes." *Id.* at *5. Therefore, Defendants' motion for Rule 11 sanctions was denied. *Id.* The Court is guided by *Kim* and accordingly, denies the motion for sanctions.

## CONCLUSION

Based upon the foregoing, Defendants' Motion for Sanctions (ECF No. 21) is **DENIED**.

Dated: Central Islip, New York
July 11, 2025

                                                 **S O  O R D E R E D:**
                                                 /s/ *James M. Wicks*
                                                   JAMES M. WICKS
                                               United States Magistrate Judge